UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LYNNETA BAKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-156 |
| | ) | Phillips |
| RENT-A-CENTER, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Lynneta Baker, a former employee of defendant Rent-A-Center East, Inc., filed this action asserting a claim for workers' compensation retaliation. Before the court is defendants' motion to dismiss the complaint for plaintiff's failure to list this lawsuit as an asset in two separate bankruptcy filings. Defendants contend that judicial estoppel requires dismissal of the present claim. Plaintiff has responded in opposition. For the reasons which follow, defendants' motion to dismiss will be granted.

## Background

Plaintiff was employed by defendant from August 2005 through April 14, 2008. Plaintiff alleges that she was injured on the job on March 29, 2008, and that she was terminated in retaliation for contacting the company's workers' compensation carrier. On November 11, 2008, plaintiff filed a Chapter 13 bankruptcy petition. In the 2008 bankruptcy case, plaintiff failed to list this claim as an asset as required by 11 U.S.C. § 521(1). On March 10, 2009, the present lawsuit was filed. On June 9, 2009, plaintiff amended the schedules in the 2008 bankruptcy case, but did not include this lawsuit as one of those

amendments. The 2008 bankruptcy case was dismissed without discharge on October 5, 2009. On October 30, 2009, plaintiff filed for bankruptcy again. When filing the 2009 Bankruptcy case, plaintiff failed to list this lawsuit as an asset.

## **Standard of Review**

Rent-A-Center has moved for dismissal of plaintiff's complaint pursuant to Rules 12(b)(6), Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

If, in a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki v. IBM*, 607 F.3d 1102, 1104 (6th Cir. 2010). Here, the parties have submitted matters outside the pleadings in support of their positions. Consequently, the court will consider the parties' arguments under Rule 56(c), which provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

## Analysis

The doctrine of judicial estoppel "generally prevents a party form prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001); *White v. Wyndham Vacation Ownership, Inc.,* 2010 WL 3155161 (6th Cir. Aug. 11, 2010). This doctrine is "utilized in order to preserve the integrity of the courts by preventing a party form abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002); *see also Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir. 2004) ("Judicial estoppel, however, should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement").

In the bankruptcy context, the Sixth Circuit has previously noted that "judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning*, 283 at 775-76. Furthermore, *Browning* noted that "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Id.* at 776. Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims," and (2) where "the debtor has no motive for concealment." *Id.* at 776. Moreover, a court should "consider whether a party has gained an unfair advantage from the court's adoption of its

earlier inconsistent statement." *Longaberger Co. v. Kolt,* 586 F. 3d 459, 470 (6th Cir. 2009) *citing New Hampshire*, 532 U.S. at 751.

In short, to support a finding of judicial estoppel, the court must find that (1) plaintiff assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings, (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) plaintiff's omission did not result from mistake or inadvertence. *White,* 2010 WL 3155161. In determining whether plaintiff's conduct resulted from mistake or inadvertence, the court considers whether (1) she lacked knowledge of the factual basis of the undisclosed claim, (2) she had a motive for concealment, and (3) the evidence indicates an absence of bad faith. *Id.* In determining whether there was an absence of bad faith, the court will look, in particular, at plaintiff's "attempts" to advise the bankruptcy court of her omitted claim. *Id.*

Here, the defendant has come forward with evidence that shows that plaintiff assumed a position that was contrary to one that she asserted under oath in the bankruptcy proceeding, and (2) the bankruptcy court adopted the contrary position as a preliminary matter. Not only did plaintiff fail to disclose this lawsuit in her 2009 bankruptcy filing, but she also failed to amend her 2008 bankruptcy petition when she filed the lawsuit in March 2009. Plaintiff was clearly aware of this lawsuit when it was filed in March 2009, yet took no action to amend her bankruptcy filings to disclose this lawsuit as an asset.

5

After considering the evidence presented by defendants, the question becomes whether plaintiff can point to evidence showing an absence of bad faith. She can do this by showing her attempts to correct her initial omission. Since the bankruptcy system depends on accurate and timely disclosures, the extent of these efforts, together with their effectiveness, is important. *See Eubanks*, 385 F.3d at 898-99. Further, since judicial estoppel seeks to prevent parties from abusing the judicial process through cynical gamesmanship, the timing of plaintiff's efforts is also significant. *Id.* Consequently, efforts to correct an omission that came before the defendants filed their motion to dismiss are more important than efforts that came after the defendants filed their motion to dismiss. *See White,* 2010 WL 3155161.

In response to defendants' motion to dismiss, plaintiff has submitted an affidavit stating that she informed the attorneys representing her in the bankruptcy case of the existence of the workers' compensation case and the claim for wrongful termination. She further stated that she relied on her attorneys to transfer that information to the bankruptcy court. However, the Sixth Circuit has recognized that "although the debtor's attorney failed to list the debtor's discrimination suit on the schedule of assets despite the fact that the debtor specifically told him about the suit, the attorney's omission is no panacea." *Lewis v. Weyerhaeuser Co.,* 2005 WL 1579713 * 7 (6th Cir. Jul. 6, 2005). In other words, a party is bound by the errors of her attorney. In *Lewis,* the Sixth Circuit found that the plaintiff had presented no compelling reason to depart from the general rule that litigants are bound by the actions of their attorneys. *Id.* Likewise, even if plaintiff has different counsel for her bankruptcy case and her discrimination case, she is nonetheless

bound by the actions of her "freely selected agent" who took the position that she had no cause of action against the defendants. *Id.*

Moreover, plaintiff personally declared "under penalty of perjury" that the contents of her bankruptcy petitions were "true and correct." Plaintiff also failed to point out the omission at any time during the pendency of the 2008 bankruptcy case, and failed to disclose the lawsuit in the 2009 bankruptcy case. Plaintiff was provided with multiple opportunities to disclose this lawsuit and repeatedly failed to do so. The Bankruptcy Code requires a debtor to file a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. *Caprella v. CSX Transp. Inc.,* 2009 WL 2950248, *citing* 11 U.S.C. § 521(1). Because it is well-settled that a cause of action is an asset that must be scheduled under § 521, plaintiff was obligated to disclose this claim when completing her bankruptcy documentation. *Id.*

Further, On December 18, 2008, plaintiff attended the meeting of her creditors and she was questioned by the Chapter 13 Trustee. Not only did plaintiff specifically deny having a workers' compensation claim, personal injury claim or any other claim, but plaintiff testified that she "carefully" reviewed her bankruptcy petition, statements, schedules and plan "in their entirety." Moreover, 2008 was not the last time plaintiff selectively listed her assets, then assured the Bankruptcy Trustee that all of her assets were disclosed to the court. During the meeting of creditors relative to plaintiff's 2009 bankruptcy case, plaintiff once again assured the Trustee that all of her assets were disclosed. Plaintiff told the Trustee and all of the creditors that were present, that she

7

carefully reviewed her 2009 bankruptcy filings and that she made a complete, full and accurate disclosure of all of her assets. Since plaintiff's plan was adopted by the Bankruptcy Court, the court clearly adopted the information contained in her bankruptcy petition. *See Browning*, 283 F.3d at 775 (prior court need only adopt the contrary position either as a preliminary matter or as part of a final disposition),

Plaintiff's affidavit also states that her bankruptcy attorneys are applying to the Trustee to have her attorney in the workers' compensation case and the retaliatory discharge case appointed to represent her and to amend the bankruptcy schedules to include this lawsuit.

The court will not consider favorably the fact that plaintiff took actions to amend her initial bankruptcy filings after the motion to dismiss was filed. To do so would encourage gamesmanship, since plaintiff only attempted to amend her filings after the opposing party pointed out that those filings were inaccurate. *See White,* 2010 WL 3155161, *citing Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1297 (11th Cir. 2003) ("Allowing a debtor to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them").

In light of all of the above, the court believes that judicial estoppel is appropriate in this matter and will grant defendants' request to dismiss this action.

## Conclusion

For the reasons stated above, defendants' motion to dismiss [Doc. 15] will be converted to one for summary judgment, and summary judgment is **GRANTED** in favor of defendants. Plaintiff's complaint is **DISMISSED with prejudice** pursuant to Fed.R.Civ.P. 56(c).

**ENTER:**

s/ Thomas W. Phillips
United States District Judge